UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| LISA L. R.,<br><br>    Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>    Defendant. | Case No. 1:21-cv-00418-REP<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending is Plaintiff Lisa L. R.'s Complaint (Dkt. 1) seeking judicial review of the Social Security Administration's final decision finding her not disabled and denying her claim for disability insurance benefits and an accompanying Brief in Support of the Complaint (Dkt. 12). This action is brought pursuant to 42 U.S.C. § 405(g). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## ADMINISTRATIVE PROCEEDINGS

On November 30, 2018, Plaintiff filed an application for social security disability income ("SSDI") alleging a disability onset date of June 10, 2010, due to "shoulder surgery, hand, knee, [and] PTSD." AR[2] 13, 154, 178. After initial review, the Administration determined that Plaintiff did not qualify as disabled. AR 42-46. Plaintiff requested the Administration to

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi will be substituted, therefore, as the defendant in this suit. Fed. R. Civ. P. 25(d); see also 42 U.S.C. § 405(g).

[2] Citations to "AR __" refer to the cited page of the Administrative Record (Dkt. 9).

**MEMORANDUM DECISION AND ORDER - 1**

reconsider, and the Administration denied SSDI again on reconsideration. AR 48-56. Plaintiff contested this decision, requesting a hearing in front of an Administrative Law Judge ("ALJ"). AR 90-91. Prior to the hearing, Plaintiff submitted supplemental materials to the ALJ for consideration, including medical records from 1994 to 2005. AR 13. On March 17, 2021, ALJ Marie Palachuk conducted a telephonic hearing. AR 21. On March 31, 2021, the ALJ issued a decision that was unfavorable to Plaintiff. AR 13-21.

Plaintiff appealed this decision to the Appeals Council. AR 7. The Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security. AR 1-6.

Having exhausted her administrative remedies, Plaintiff filed this case. Plaintiff raises five points of error: (1) that the ALJ's failure to exhibit or admit medical records has made review by this Court impossible; (2) the ALJ failed to follow SSR 18-1p by refusing to consider medical records pertaining to Plaintiff's conditions predating her alleged onset of disability; (3) the ALJ's decision is not supported by substantial evidence; (4) the ALJ failed to provide adequate findings concerning Plaintiff's past work; and (5) the ALJ's rationale for excluding medical records is flawed. Pl.'s Br. at 5 (Dkt. 12).

## STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017). Findings as to any question of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g). In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

**MEMORANDUM DECISION AND ORDER - 2**

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The standard requires more than a scintilla but less than a preponderance. *Trevizo*, 871 F.3d at 674. It "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a person of a reasonable mind to accept the conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098. Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Batson v. Comm'r of Social Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015); *Treichler*, 775 F.3d at 1098. Considerable weight is given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). However, this Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

## THE SEQUENTIAL PROCESS

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (20 C.F.R. §§

**MEMORANDUM DECISION AND ORDER - 3**

404.1520, 416.920) – or continues to be disabled (20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is work activity that is both substantial and gainful. 20 C.F.R. §§ 404.1572, 416.972. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(b), 416.972(b). If the claimant is engaged in SGA, disability benefits are denied regardless of his or her medical condition, age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not engaged in SGA, the analysis proceeds to the second step.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "not severe" if it does not significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1522, 416.922. If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied. 20 C.F.R. §§ 404.1520(c), 416.920(c).

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R.

**MEMORANDUM DECISION AND ORDER - 4**

Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments neither meet nor equal a listed impairment, the claim cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. §§ 404.1520(e), 416.920(e).

In the fourth step of the evaluation process, the ALJ decides whether the claimant's residual functional capacity ("RFC") is sufficient for the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. §§ 404.1545, 416.945. An individual's past relevant work is work she performed within the last 15 years, or 15 years prior to the date that disability must be established, if the work was substantial gainful activity and lasted long enough for the claimant to learn to do the job. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965.

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of his impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Garrison v. Colvin,* 759 F.3d 995, 1011 (9th Cir. 2014). If the claimant can do such other work, she is not disabled; if the claimant cannot do other work and meets the duration requirement, she is disabled.

## THE ALJ'S FINDINGS

At the outset of her decision, the ALJ declined to exhibit or admit Plaintiff's supplemental medical records from 1994 to 2005 (the "Supplemental Records" or "Records").

**MEMORANDUM DECISION AND ORDER - 5**

AR 13.  The ALJ reasoned that Plaintiff had consistently engaged in SGA until the alleged onset date ("AOD") of June 10, 2010, and, consequently, the Supplemental Records, which predated the AOD by five to eleven years, were not material to determining Plaintiff's ability to work after that date.  AR 14.  Furthermore, the ALJ noted that the record already contained Plaintiff's medical records dating back to 1999, thus, additional information about Plaintiff's medical history during the same general timeframe would not be dispositive.  *Id.*

The ALJ found that Plaintiff's date last insured ("DLI") was December 31, 2015, and that Plaintiff did not engage in any substantial gainful activity ("SGA") between her AOD and her DLI.  AR 16.  The ALJ found that Plaintiff suffered from the following medically determinable impairments during that period: upper respiratory infection, right ankle sprain, allergies, depression, bilateral epicondylitis, arthralgias, contusion of head, spider bite to right ankle, and right wrist sprain.  *Id.*  The ALJ determined that these impairments were non-severe because they did not significantly affect Plaintiff's ability to engage in work-related activities for twelve consecutive months.  AR 16, 20.  Indeed, the ALJ found that between the AOD and DLI Plaintiff reportedly worked as a self-employed farmer.  AR 19.  The ALJ, therefore, found that Plaintiff was not disabled at step two of the sequential process.  AR 21.

The ALJ also noted that Plaintiff's testimony and medical records indicated a variety of conditions prior to her AOD —bilateral wrist sprain/strain, left shoulder injury, right shoulder pain, right cervical radiculopathy with mild cubital tunnel and carpal tunnel syndrome, and mild chronic musculotendinous cervical strain related to overuse.  AR 18.  Yet, the ALJ found that none of these conditions constituted a medically determinable impairment between the AOD and DLI because "virtually none" of them "were documented as ongoing issues after the [AOD]."  AR 18.

**MEMORANDUM DECISION AND ORDER - 6**

**DISCUSSION**

Most of Plaintiff's assignments of error rest on the same premise—that the ALJ should have admitted the Supplemental Records. Consequently, whether the ALJ properly excluded the Records is addressed first because it is dispositive of most of Plaintiff's arguments.

I. <u>Any error in excluding the Supplemental Records was harmless.</u>

An ALJ "may receive any evidence at the hearing that he or she believes is material to the issues, even though the evidence would not be admissible in court under the rules of evidence used by the court." 20 C.F.R. § 404.950(c). Medical records that predate a plaintiff's AOD are typically irrelevant to determining a plaintiff's disability. *Carmickle v. Comm'r, Soc. Sec Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). However, records predating the AOD may be relevant in some instances to demonstrate that a condition has worsened over time. *Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989) ("the report predates the period at issue, and is thus relevant only to . . . proving his condition has worsened.").

The Court concludes that it need not address the precise contours of Plaintiff's evidentiary argument because even assuming that the ALJ erred in excluding the Supplemental Records, that error was harmless.

Error alone is not enough to demand reversal. *Ludwig v. Astrue*, 681 F.3d 1047, 1053-54 (9th Cir. 2012). In addition to showing error, a plaintiff must also make a fact-specific showing that such error was prejudicial. *Id.*, *see also McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011) (explaining that, as the party challenging the ALJ's decision, the plaintiff bears the burden to demonstrate prejudice). In other words, to obtain relief Plaintiff must show that any error which occurred is not harmless. An error is harmless it is clear from the record that the error was "inconsequential to the ultimate nondisability determination." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (citing *Stout v. Comm'r*, 454 F.3d 1050, 1055-56 (9th Cir. 2006)).

**MEMORANDUM DECISION AND ORDER - 7**

Accordingly, if the Court can "confidently conclude that no reasonable ALJ . . . could have reached a different disability determination" even if the error had not occurred, the error will be deemed harmless. *Marsh*, 792 F.3d at 1173.

The primary thrust of Plaintiff's argument is that the Supplemental Records established the source of various conditions she testified had worsened, including "bilateral strain in her hands, carpal tunnel," a broken finger, and having her "rotator cuff . . . messed up." Pl.'s Br. at 4-5, 8-9; *see also* AR 30-33 (Plaintiff's testimony concerning worsening of various conditions). Plaintiff contends that the ALJ's failure to consider the Records led to an erroneous conclusion that she did not suffer from a severe combination of impairments. Pl.'s Br. at 8-9. In short, she argues that, if the Supplemental Records had been admitted, the ALJ would (or should) have concluded that her conditions predating the AOD were medically determinable impairments after the AOD and that those impairments, in combination with the impairments found by the ALJ, were severe.

Even so, the record demonstrates that the ALJ considered Plaintiff's testimony about the above conditions and medical records dating back to 1999 detailing those conditions. AR 18; AR 235-92, 460-84. The ALJ noted:

> [T]he record documents remote orthopedic injuries and complaints in the 1990s and early 2000s (bilateral wrist sprain/strain; unspecified left shoulder injury; right shoulder pain; right cervical radiculopathy with mild cubital tunnel and carpal tunnel syndrome; mild chronic musculotendinous cervical strain related to overuse), and the claimant's representative questioned her at the hearing about these injuries . . . .

That said, the ALJ did not indicate that there was insufficient evidence to identify the source of the conditions.[3] Instead, the ALJ found that Plaintiff had not presented evidence, other

---

[3] Plaintiff argues that the ALJ acted contrary to Social Security Ruling 18-01p. Pl.'s Br. at 6. SSR 18-01p governs the determination of an established onset date ("EOD") for disability claims. *See* SSR 18-01p, 2018 WL 4945639. An EOD is only determined *after* the

**MEMORANDUM DECISION AND ORDER - 8**

than her own testimony, that those conditions persisted during the period at issue.  AR 18-19.  With this in mind, it is clear to the Court that admitting the Supplemental Records would not have altered the result of this case.  Put simply, the Supplemental Records would have only added to the volume of evidence chronicling Plaintiff's conditions *before* the AOD but would not have undermined the ALJ's finding that there was virtually no evidence of those conditions persisting *after* the AOD.  Accordingly, the Court can confidently conclude that, even if the Supplemental Records had been admitted, no reasonable ALJ could have reached a different conclusion.  As such, Plaintiff has not carried her burden to demonstrate that the exclusion of the Records prejudiced her.

   II.  <u>The ALJ's findings are supported by substantial evidence.</u>

Plaintiff makes two arguments as to why the ALJ's findings are not supported by substantial evidence.  First, she argues that the ALJ's findings are not supported by substantial evidence because the ALJ, by excluding the Supplemental Records, failed to fully inquire into the matters at issue.  Pl.'s Br. at 7-8.  Second, Plaintiff contends that the ALJ erroneously found that she did not have a severe combination of impairments because the record is consistent with her testimony of worsening conditions.  Pl.'s Br. at 8-9.

The Court finds Plaintiff's first argument unpersuasive for the reasons discussed above.  Even assuming that the ALJ erred in excluding the Supplemental Records, Plaintiff has not carried her burden to demonstrate prejudicial error.  The ALJ's primary reason for concluding that Plaintiff did not suffer from a combination of severe impairments was the lack of evidence

---

Administration concludes that a claimant meets the statutory definition of disability.  *Id.* at *2 ("If we find that a claimant meets the statutory definition of disability . . . we then determine the claimant's EOD").  Consequently, SSR 18-01p is wholly inapplicable to this case as the ALJ found that Plaintiff did not meet the statutory definition of disability.  AR 21.

**MEMORANDUM DECISION AND ORDER - 9**

of persisting conditions after the AOD, so admitting more evidence of those conditions before the AOD would not alter the result.

Next, the ALJ's finding that Plaintiff did not have a severe impairment or combination of impairments is supported by substantial evidence. At the outset, it is important to note which findings Plaintiff has not challenged. Plaintiff raises no issue with the ALJ's finding that in 2009, approximately one year before her AOD, Plaintiff's annual exam indicated a normal neurological and musculoskeletal exam. AR 18, *see also* AR 301-02. Neither does she challenge the ALJ's finding that she worked at an SGA level between 2005 and 2010. [4] AR 14, 18. Nor does she contest the ALJ's finding that she worked as a self-employed farmer between the AOD and DLI. *See* AR 19. She does not even challenge the ALJ's finding that she did not receive treatment for the conditions she alleged to have worsened after the AOD. AR 18. Plaintiff merely cites her medical records from 2004, detailing the conditions she claims to have worsened, and asserts that the ALJ should have found that those conditions were severe impairments. Pl.'s Br. at 9. Yet, as with her other arguments, a citation to Plaintiff's medical records from 2004 does nothing to undermine the ALJ's critical finding that she did not suffer from severe medically determinable impairments after the AOD. This finding is supported by substantial evidence. A full review of the record reveals no treatment for those conditions between the AOD and DLI. Rather, between the AOD and DLI, the record shows that Plaintiff

---

[4] Plaintiff also argues that the ALJ erred in finding that Plaintiff worked at medium capacity during these years without specific findings to that effect. Pl.'s Br. at 9-10. However, the ALJ found that Plaintiff was not disabled at step-two of the sequential process, obviating the need for formal findings as to her past work experience. 20 C.F.R. § 404.1520(c) ("If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience."). Therefore, any finding as to Plaintiff's work history, even if erroneous, is irrelevant.

**MEMORANDUM DECISION AND ORDER - 10**

received care for a variety of acute conditions. AR 336-52, 414-15, 425-29. The ALJ found that these conditions were medically determinable impairments during the relevant time period, but that they were not severe, either alone or in combination. Consideration of the Supplemental Records, which predate the AOD by five to eleven years, would not alter that finding. Accordingly, the ALJ's decision is affirmed.

## ORDER

Based on the foregoing, Plaintiff's Complaint and the Brief in Support of the Complaint (Dkts. 1 & 12) are **DENIED,** and the decision of the Commissioner is **AFFIRMED.**

DATED: January 23, 2023

Raymond E. Patricco
Chief U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 11**